# United States Court of Appeals
## For the First Circuit

No. 02-1241

DIANNE FOLEY,

Plaintiff, Appellant,

v.

COMMONWEALTH ELECTRIC COMPANY,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. George A. O'Toole, Jr., U.S. District Judge]

Before

Selya, Circuit Judge,
Stahl, Senior Circuit Judge,
and Lipez, Circuit Judge.

John R. Hope for appellant.
Keith B. Muntyan, with whom Robert P. Morris and Morgan, Brown
& Joy, were on brief, for appellee.

December 10, 2002

**STAHL, <u>Senior Circuit Judge</u>**.  Plaintiff-appellant Dianne Foley appeals from a judgment following a jury verdict in favor of her former employer, defendant-appellee Commonwealth Electric Company ("the Company"), on her gender discrimination claims.  She contends that she did not get a fair trial because the district court erroneously omitted jury instructions concerning vicarious liability and several aspects of employment discrimination law.  We affirm the judgment below.

## I.  <u>BACKGROUND</u>

Foley began working as a meter reader for the Company in September, 1997.  She began as a temporary employee, then became a probationary employee.  Probationary employees are subject to a six-month trial period after which they become regular employees and are covered by applicable collective bargaining agreements.  While on probation, they can be terminated by the Company at its discretion.

On January 22, 1998, midway through her probationary period, Foley was involved in a single-car accident while driving a Company vehicle.  The accident caused several hundred dollars' worth of damage to the vehicle.

As a result of the accident, Foley's immediate supervisor, Robb Campbell, decided to terminate her employment.  After visiting the accident scene but before interviewing Foley about it, he determined that the accident was "avoidable."

-2-

Campbell's supervisor, Mark Gracie, and the Company's Administrator for Labor Relations, Joseph Roda, were notified of and assented to Foley's termination. The termination was effective January 23, 1998.

On March 15, 2000, Foley filed a complaint in the United States District Court for the District of Massachusetts. She alleged that the Company discriminated against her on the basis of gender in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e et seq., and Mass. Gen. Laws ch. 151B.

A jury trial began in January, 2002. At trial, Foley attempted to prove her discrimination claims with evidence that Campbell treated certain male employees who had been involved in driving accidents more favorably than he treated her. Specifically, she contended that John LaCava, a contract employee meter reader, was not terminated following a comparable car accident, and that Campbell did not even report the accident.[1] She also claimed that Nathan Rego, a temporary employee, was terminated for an avoidable accident only after several days' delay. The Company disputed that these disparities were motivated by discrimination, argued that the facts were dissimilar, and put forth evidence that under Campbell's supervision, women were hired and retained at a higher rate than men.

---

[1] Contract employees worked for the Company via a staffing service on an as-needed basis.

After both parties rested their cases, the Company moved for a directed verdict.  The motion was denied.

The district court then conducted a charge conference, in which there was a brief discussion of plaintiff's proposed jury instruction No. 3.  The proposed instruction read, in its entirety:

> Commonwealth Electric is liable for any discriminatory act by its supervisory personnel.  Therefore, if you find that Mrs. Foley's supervisor or supervisors discriminated against her because she was a woman, you must find for Mrs. Foley.

The only discussion of proposed instruction No. 3 did not concern vicarious liability:

The Court:     With respect to No. 3, I'm not sure-- the objection is it's not complete enough; is that the objection?

The Company:   Yes, your Honor, but we don't maintain that objection particularly strongly. I think "because of" or "but for" kind of language is satisfactory, and that's the kind of language that Judge Young went along with.[2]

Notwithstanding Foley's assertion on appeal that the court indicated that it would give this instruction, the court did not state its intention one way or the other.

Foley also submitted several proposed jury instructions concerning discrimination.  In the charge conference, the court declined to give proposed instructions 8 and 9, which dealt with

---

[2]After this exchange, the court inquired about differences between the state and federal standards for proving discrimination, and then proceeded to discuss the next proposed jury instruction.

-4-

unconscious gender bias.  The court cited the absence of evidence of "stereotyped thinking, [for example,] about women drivers."  It also rejected proposed instruction No. 11, which addressed an employer's failure to follow its own rules as evidence of bias, but stated that it would not be improper for Foley to "argue the point as part of [her] laying out the circumstances from which they can make the inference."  Finally, the court declined to give proposed instruction No. 12A, which concerned the failure to investigate similarly situated males as evidence of bias, on the ground that the language in the proposed instruction resembled disfavored instructions on burden shifting.

The district court charged the jury before the parties' closing arguments, and directed counsel to hold any objections to the charge until after the closing arguments.[3]  In its charge, the district court did not give the proposed instruction concerning vicarious liability, nor any of the proposed instructions concerning evidence of bias that it had rejected earlier.

After the closing arguments, Foley's counsel stated that he didn't hear an instruction on "liability of the company for acts of the supervisors," as was proposed in instruction No. 3.  The court answered:

> You're right, you didn't hear it.  I'm not
> sure it's necessary, is it?  . . . [I]t's the

---

[3]The district court chose this somewhat unusual order of the charge and closing arguments without objection from the parties.

assumption that everybody has had.  It hasn't been put in issue by the defendant.

Foley's counsel responded:

> I would say that, you know, there's a distinction made about Mr. Campbell having a target on his head and that Mr. Campbell is the one who's suffering--Well, I object to not giving that one.

Foley's counsel further stated, "And I also object to not giving the ones that we talked about yesterday, the stereotyping . . . [a]nd the failure to investigate and the failure to follow procedures."  The court responded, "Okay," and did not ask for clarification.

The jury returned a verdict in favor of the Company on all counts.  Final judgment was entered on January 24, 2002.

## II. <u>DISCUSSION</u>

Fed. R. Civ. P. 51 requires a party to object to an instruction "before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection."  If a party complies with Rule 51, then the harmless error standard governs.  <u>Babcock</u> v. <u>Gen. Motors Corp.</u>, 299 F.3d 60, 64 (1st Cir. 2002).  Fed. R. Civ. P. 61 sets forth the harmless error rule:

> No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment

or order, unless refusal to take such action appears to the court inconsistent with substantial justice. . . .

In the absence of a properly preserved objection, however, this court reviews the trial judge's jury instructions under the plain error standard. Gray v. Genlyte Group, Inc., 289 F.3d 128, 134 (1st Cir.), cert. denied, 123 S.Ct. 485 (2002). The party claiming plain error is required to demonstrate "(1) that there was error, (2) that it was plain, (3) that it likely altered the outcome, and (4) that it was sufficiently fundamental to threaten the fairness or integrity or public reputation of the judicial proceedings." Id. (citing United States v. Olano, 507 U.S. 725, 735-36 (1993)).

We first consider the district court's omission of the vicarious liability instruction. The Company contends that Foley did not preserve her objection, pointing out that our interpretation of Rule 51 is quite strict. See Babcock, 299 F.3d at 64; Gray, 289 F.3d at 134. Even if the initial request for an instruction is made in detail, the requesting party must object again after the instructions are given but before the jury retires for deliberations. Gray, 289 F.3d at 134 (citing Smith v. Mass. Inst. of Tech., 877 F.2d 1106, 1109 (1st Cir. 1989)). "[I]t is not enough for counsel in renewing an objection merely to refer back generically to objections made before the charge." Id.

Foley's counsel's objection to the omission of the vicarious liability instruction may or may not fall short of the stringent requirements of Rule 51. His statement that "there's a distinction made about Mr. Campbell having a target on his head and that Mr. Campbell is the one who's suffering" is not a particularly lucid expression of the ground for his objection. We need not decide this issue, however, because under either the harmless error or plain error standard, the district court's omission does not warrant reversal.

An instruction as to the Company's liability for Campbell and the other supervisors' actions certainly would have been appropriate under Title VII and chapter 151B. See Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 762 (1998) ("[A] tangible employment action taken by the supervisor becomes for Title VII purposes the act of the employer."); Mass. Gen. Laws ch. 151B, § 4 (unlawful practice for "an employer, personally or through its agents, to sexually harass any employee"). Although this instruction optimally should have been included in the charge, its absence does not require a new trial.

As the district court pointed out, no one suggested at trial that the Company was not responsible for its supervisors' actions, or indeed that any meaningful distinction could be made between the supervisors and the Company. Moreover, the only evidence presented to the jury concerning discrimination against

Foley involved her supervisors' treatment of her with regard to her car accident. No other allegedly discriminatory treatment or company policy was implicated. It is simply not reasonable to surmise that, in the absence of specific instruction concerning vicarious liability, the jury determined that Campbell's actions constituted unlawful discrimination but that the Company should not be held liable. In the context of the evidence presented, therefore, any error was harmless.

Foley's next argument on appeal is that the district court erred in failing to give certain of the proposed instructions concerning evidence of gender bias: namely, the instructions dealing with unconscious stereotyping, the Company's failure to follow its own procedures, and its failure to investigate similarly situated males. Her objections to the court's omission of these instructions were not properly preserved under Rule 51. Foley's counsel simply stated: "And I also object to not giving the ones that we talked about yesterday, the stereotyping . . . And the failure to investigate and the failure to follow procedures." While this may have been adequate to put the district court on notice as to which instructions he was referencing, it did not state any grounds for the objection, much less state such grounds "distinctly" as required by the Rule. He merely referred generally back to the objections he made at the charge conference, which is

insufficient under Rule 51.  See Gray, 289 F.3d at 134, and cases cited.[4]

Accordingly, we apply the much more stringent plain error rule.  Id.  This is not the sort of "exceptional case" that merits reversal under a plain error analysis.  See id.  After reviewing the district court's jury charge as a whole, we conclude that the omission of the requested instructions concerning bias does not merit a new trial.  See Testa v. Wal-Mart Stores, Inc., 144 F.3d 173, 175 (1st Cir. 1998) (in reviewing jury instructions to determine whether they adequately illuminate the applicable law without unduly complicating matters or misleading the jury, we examine the instructions as a whole rather than taking each fragment in isolation).

Affirmed.

---

[4]Indeed, at oral argument Foley conceded that "it would be a stretch" to say that the objection was properly preserved below.